STATE *v.* T. A. SEINKNECHT.*

(*Knoxville.*   September Term, 1916.)

LICENSES.   Operation of motorcycle.   Registration.   Sufficiency of
  indictment. .

Under Acts 1915, chapter 8, section 1, providing that before
  the owner of any motorcycle shall operate it in the State, he
  shall register it with the secretary of State, and receive a
  certificate of registration, and by section 8, making a viola-
  tion thereof a misdemeanor, an indictment, charging that de-
  fendant unlawfully operated a motorcycle not properly regis-
  tered, without charging that he operated upon a street, etc.,
  was sufficient, as it is a violation of the statute to operate
  a motorcycle at all until duly registered.

Acts cited and construed:   Acts 1915; ch. 8, sec. 1.

FROM ANDERSON.

Appeal from the Criminal and Law Court of An-
derson County.—XEN HICKS, Judge.

WM. H. SWIGGART, JR., Assistant Attorney-General,
for appellant.

BURNETT & WALLACE, for appellee.

MR. CHIEF JUSTICE NEIL delivered the opinion of
the Court.

Defendant was indicted under a bill charging that
on the 10th day of January, 1915, in Anderson county,

Tenn., he ''did unlawfully run and operate a certain motorcycle, without the same being properly registered with the secretary of the State of Tennessee, contrary to the statute, and against the peace and dignity of the State.'' Among other objections to the indictment was one numbered ''second,'' to the effect that the indictment failed to show that the defendant operated the motorcycle upon a street, road, highway, or any other public thoroughfare, in the said county of Anderson. This objection was sustained by the trial judge, and the indictment quashed. From this judgment the state appealed. We think the judgment of the trial court was erroneous.

The statute reads:

''Before the owner of any automobile, motorcycle, auto truck, traction engine or other vehicle of like character used for the purpose of conveying persons or freight or for any other purpose, whether such vehicle is propelled by steam, gasoline, or electricity, or any other mechanical power, shall operate or permit to be operated, upon any street, road, highway or any other public thoroughfare or elsewhere in Tennessee such owner shall register such vehicle with the secretary of state, giving the motor power or horse power and make of same together with the name and residence address of such owner, and shall upon payment of the following fees: For automobiles of more than four passenger seating capacity $7.50. For automobile of four [passenger] or less seating capacity . . . or traction engines $5.00. For motorcycles

$2.50 receive from the secretary of State a certificate showing such registration, which certificate shall be numbered as issued in consecutive order, and shall thereafter, upon payment of a fee of $1.00 register said certificate with the county court clerk of the county in which the owner may reside, provided that if application shall be made for registration of an automobile or motorcycle under this section after the first of September in any year, the applicant shall be required to pay but one-half the registration fee hereinabove provided for.'' Acts of 1915, chapter 8, section 1.

The eighth section makes a violation of the act a misdemeanor.

It is perceived that the statute does not forbid the operation simply upon any street, road, highway, or other public thoroughfare, but adds the words, ''or elsewhere in Tennessee.'' So it is concluded that it is against the law to operate a motorcycle at all until the registration shall be made, as provided by section 1.

The result is the judgment of the trial court must be reversed, and the cause remanded for further proceedings.